NELS ANDERSON v. A. A. KANNOW.

FILED MAY 18, 1904. No. 13,519.

1. **Review.** Action of the trial court in the admission of evidence examined and approved.

2. **Instructions** of the trial court examined, and *held* not prejudicial.

3. **Verdict.** When the verdict of the jury is rendered on conflicting testimony, it will not be set aside, unless clearly against the weight of the evidence.

ERROR to the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*J. C. Robinson,* for plaintiff in error.

*R. J. Millard* and *C. H. Whitney, contra.*

OLDHAM, C.

This case is brought here for a second review on error by the plaintiff in error, who was also plaintiff in the court below. The former opinion is found in 3 Neb (Unof.) 686. At the former hearing the issues in the case were fully stated in the opinion, and need not be reiterated, as the case was tried again on the same pleadings, and supported by practically the same testimony as that contained in the bill of exceptions examined on the former review. At the prior hearing in this court the cause was reversed for an error of the trial court in placing the burden of proof of certain issues involved in the controversy on the plaintiff. At the second trial the court followed our former opinion and corrected this error, and the defendant again prevailed in the court below.

As was said in our former opinion: "It is plain from an examination of the record that the matter in dispute between these parties arose from indefinite recollections of poorly kept accounts." And the first alleged error called to our attention in the brief for plaintiff in error is as to the admission of a book, called the "storage book," in evidence, over plaintiff's objection. This "storage book" is by no means a model book of accounts, but it was made by plaintiff himself, and contained entries of the transactions of the mill with its customers, made at the time of the transactions, and contains consecutive entries, and was delivered to the defendant by plaintiff when the mill was turned over to him, under his lease, for the purpose of enabling the defendant to settle with the customers of the mill for the wheat, flour and bran which each customer had on deposit in the mill. We think, with this foundation, the court was fully justified in the admission of this book, and our attention is not called to any incorrect or misleading entry in the book that could have operated to plaintiff's prejudice in its consideration.

Paragraph 5 of instructions given by the court is objected to because too vague, but no other instruction covering the same question was requested by plaintiff, and it is not contended that any vicious principle is announced in the instruction as given. Consequently, under a well-established rule in this court, this action was not prejudicial error.

Other technical criticisms, rather than objections, are alleged against different paragraphs of the court's instructions, but our attention is directed to nothing in the least prejudicial to plaintiff's rights in any of these instructions.

It is finally urged that there is not sufficient evidence to sustain the judgment. We have examined the testimony contained in the bill of exceptions, and, while it abounds in contradictions and omissions of recollection as to many of the items in the counterclaim, yet, we are

6

unable to say that the verdict of the jury was clearly wrong in this particular. This case has been twice tried to a jury in the court below, with a verdict in each instance in favor of the defendant, and as was said by BARNES, J., in the recent case of *Leidigh v. Keever*, 5 Neb. (Unof.) 207:

"It further appears that the verdict complained of is a second one rendered by a jury in this case in favor of the same party; and it should not be set aside, unless it is clearly wrong. Where different trials have resulted in verdicts for a plaintiff, the judgment of the trial court will not be reversed and set aside, unless the evidence is clearly insufficient to support it."

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.